IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN CAMPS,<br><br>        Plaintiff,<br><br>   v.<br><br>MILLIE SCHOLTZ; CAPTAIN MCDONNELLY; SERGEANT DAVIS; BOARD OF CHOSEN FREEHOLDERS OF BURLINGTON COUNTY MUNICIPAL CORP.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-1895 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Calvin Camps, Plaintiff pro se
MQ 1920
SCI Chester
500 East 4th Street
Chester, PA 19013

Michelle L. Corea, Esq.
Capehart & Scatchard, P.A.
Laurel Corporate Center
8000 Midlantic Dr., Suite 300
Mt. Laurel, NJ 08054
    Attorneys for Defendants Millie Scholtz, Captain
    McDonnelly, Sergeant Davis, and Board of Chosen Freeholders
    of Burlington County

**SIMANDLE, District Judge:**

**I.   INTRODUCTION**

    When a plaintiff files a civil case in federal court, the plaintiff must pay a filing fee or obtain permission, if indigent, to file without prepayment of a fee pursuant to 28

U.S.C. § 1915. Where the indigent plaintiff is a prisoner, the court shall not permit the case to proceed if the prisoner, while incarcerated, has on at least three occasions, had prior civil proceedings in federal court dismissed due to such claims being frivolous or malicious, or for failing to state a claim, 28 U.S.C. § 1915(g). The law permits an exception to this three-strikes bar if the plaintiff demonstrates "imminent danger of serious physical injury." Id.

This case presents the issue of first impression within the Third Circuit, namely, whether the three-strikes rule of Section 1915(g) applies when the prisoner plaintiff's case has been filed in a state court and removed by a defendant to federal court. Defendants assert in the present dismissal motion that Plaintiff Calvin Camps is a three-strikes prisoner whose present case should be dismissed under Section 1915(g), despite the fact that Plaintiff did not choose to proceed in federal court and owes no filing fee in this Court. For the reasons that follow, the Court finds that Section 1915(g) does not apply to a case removed from state court, and the motion will be denied.

## II. BACKGROUND

On February 29, 2016, Plaintiff filed a civil rights complaint in the New Jersey Superior Court Law Division, Burlington County alleging unconstitutional conditions of confinement at the Burlington County Jail. *See* Complaint,

2

Docket Entry 1, Exhibit B.  On or about March 7, 2017, the Burlington County court vacated an entry of default that had been entered against Defendants.  Statement of Facts ¶ 2.  Defendants removed the action to this Court and paid the filing and administrative fees on March 22, 2017.  [Docket Entry 1].  *See also* 28 U.S.C. § 1441(a).[1]

Defendants now move for dismissal of the complaint under Federal Rule of Civil Procedure 12(c) alleging Plaintiff is barred from proceeding in federal court *in forma pauperis* ("IFP")[2] due to having at least three qualifying "strikes" under 28 U.S.C. § 1915(g).  Statement of Facts ¶¶ 6-17.

**III. STANDARD OF REVIEW**

Defendants caption this motion as both a motion for judgment on the pleadings pursuant to Rule 12(c) and a motion to dismiss pursuant to Rule 12(b)(6).  A motion made before an answer is filed is a motion to dismiss pursuant to Rule 12(b)(6).  A motion addressing the sufficiency of the allegations made after an answer is filed is a motion for

---

[1] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).
[2] Plaintiff was granted *in forma pauperis* status by the state court. Opposition at 15.

judgment on the pleadings pursuant to Rule 12(c).  As Defendants have not answered the complaint, the Court considers this a motion under Rule 12(b)(6).

When considering a motion to dismiss a complaint for failure to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**IV. ANALYSIS**

Defendants do not assert Plaintiff has not adequately stated a claim for relief.  They instead argue the Court must dismiss Plaintiff's complaint because Plaintiff "qualifies under 28 U.S.C. § 1915(g), commonly referred to as a 'three striker' and therefore, must prove his right to litigate under § 1915(g) terms." Statement of Facts ¶ 16.  Plaintiff's opposition does not address whether he in fact has three strikes and only argues he has sufficiently pled his claims.  *See generally* Opposition.

The Prison Litigation Reform Act of 1995 ("PLRA"), which amends § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP.  Section 1915 states in relevant part:

4

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, a prisoner who has acquired three "strikes" in prior federal court filings must either pay the filing fee in full or establish imminent danger before a new complaint or appeal may be filed. The Court finds that Plaintiff has at least three qualifying strikes,[3] and that his Complaint, which alleges overcrowding and excessive lock-downs at at the Burlington County Jail, does not claim imminent danger of serious physical injury, and would not fall within the exception to the three-strikes rule if filed in federal court.

---

[3] *See Camps v. James, et al.*, No. 95-2603 (E.D. Pa. May 8, 1995) (dismissing complaint as frivolous); *Camps v. Warden of P.I.C.C. Press Grooms*, No. 91-5807 (Sept. 17, 1991) (dismissing complaint as frivolous); *Camps v. Attorney at Law Daniel Ryan*, No. 91-5765 (E.D. Pa. Sept. 16, 1991) (dismissing complaint as frivolous); *Camps v. City of Philadelphia*, No. 90-7617 (E.D. Pa. Dec. 14, 1990) (dismissing complaint as frivolous). *See also Keener v. Pa. Bd. of Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding dismissals for frivolousness prior to the passage of the PLRA may be "included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury'").

The Court's research revealed no precedential decision by a circuit court of appeals as to whether a "three-strikes" plaintiff must comply with § 1915(g), either by paying the filing fee or by being in imminent danger of serious physical injury at the time of filing, when the complaint was filed in state court but properly removed to federal court.  Two circuits have held § 1915(g) does not provide a proper basis to remand a removed case back to state court, but those courts declined to consider whether § 1915(g) required dismissal in the absence of payment or imminent danger.  *Lloyd v. Benton*, 686 F.3d 1225, 1228 (11th Cir. 2012); *Lisenby v. Lear*, 674 F.3d 259, 263 (4th Cir. 2012).  *See also Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (affirming dismissal on alternate basis and declining to address whether § 1915(g) barred the complaint after removal).  The Court of Appeals for the Ninth Circuit recently addressed whether a prisoner could accrue a "strike" under § 1915(g) when a district court dismissed a case originally filed in state court and removed by defendants and concluded "[t]he plain language of [§ 1915(g)] does not support charging a prisoner with a strike based on a district court's dismissal of a lawsuit filed by the prisoner in state court, even if the action was later removed to federal court by another party." *Harris v. Mangum*, 863 F.3d 1133, 1140 (9th Cir. 2017).

The district courts that have considered the question are split. *Compare Evans v. Bristol-Myers Squibb Co.*, No. 16-1039, 2016 WL 3184421, at *3 (D. Kan. June 8, 2016) ("Evans qualifies as a 'three-striker' and must prove his right to litigate under § 1915(g)'s terms. Section 1915(g) permits 'three-strikers,' like Evans, to pursue federal civil actions only if s/he pays the court's fees or meets an exigent harm exception."), *with Abreu v. Kooi*, No. 9:14-1529, 2016 WL 4702274, at *4 (N.D.N.Y. Aug. 4, 2016), *report and recommendation adopted*, No. 9:14-1529, 2016 WL 4690404 (N.D.N.Y. Sept. 7, 2016) (holding § 1915(g) does not require cases filed by "three-strike" plaintiffs in state court and removed by defendants to be dismissed). In a case of first impression in this district, the Court finds § 1915(g) does not permit a district court to dismiss a properly removed complaint on the basis of a plaintiff's "three strikes" status.

Defendants' argument that Plaintiff must "prove his right to litigate" is not supported by the plain language of § 1915(g). Statement of Facts ¶ 17. "[Section] 1915(g) does not block a prisoner's access to the federal courts. It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). However, § 1915(g) is not applicable because Plaintiff is not asking the Court to grant him IFP status under § 1915 so he may pay the federal filing fee in

7

installments; Defendants have already paid the only applicable filing fee after deciding to bring this matter to federal court. "*Defendants'* decision to remove a properly filed state court action does not warrant dismissal of Plaintiff's action. Plaintiff did not choose to bring this action in federal court, nor does he seek to proceed without prepayment of fees under § 1915. Instead, Defendants, as they are entitled to do, removed the action to this Court and paid the filing fee." *Abreu*, 2016 WL 4702274, at *4 (emphasis in original). Nothing in the plain text of § 1915(g) supports dismissal of an action brought in state court and removed to federal court after the filing fee has been paid by Defendants. *See id.* As the Ninth Circuit recently observed in dictum, "[t]he statute does not prevent an indigent prisoner-plaintiff with three strikes from proceeding in a case that someone else filed in federal court." *Harris v. Mangum*, 863 F.3d 1133, 1141 (9th Cir. 2017).

The Court disagrees with Defendants' argument that permitting the complaint to proceed would allow Plaintiff to circumvent the purpose of the PLRA. The purpose of the PLRA was "to limit the filing of frivolous and vexatious prisoner lawsuits" that were accumulating in federal courts and wasting scarce judicial resources. *Abdul-Akbar*, 239 F.3d at 314. This objective is not served by dismissing a complaint that was filed in state court because the PLRA was not intended to limit

8

filings in state courts.  *See id.* at 315 ("Potentially negative consequences in *federal* courts, as distinguished from *state* courts, are precisely the consequences intended by Congress." (emphasis in original)).  *See also Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997) ("[T]he [PLRA] does not affect the prisoner's right to bring an action in state court . . . ."); *Abreu*, 2016 WL 4702274, at *4.

Moreover, applying § 1915(g) to cases removed from state court might result in the misuse of § 1915(g) by defendants and cause significant impairment to prisoners' ability to bring civil suits in federal *and* state court.  An indigent prisoner with three strikes from prior federal litigation is unable to bring a potentially meritorious complaint in federal court without full payment of the filing fee due to his or her previous dismissals.  This is the consequence envisioned by Congress in its enactment of § 1915(g).  However, the same prisoner would essentially be barred from filing his or her claim in state court because a defendant could "effectively end a meritorious claim by an indigent plaintiff in state court by removing it to federal court where the claim will be stricken under the three strikes rule." *Bartelli v. Beard*, No. 3:CV-08-1143, 2008 WL 4363645, at *2 (M.D. Pa. Sept. 24, 2008) (remanding complaint to state court based on § 1915(g)).  This goes beyond congressional intent as indicated by the plain text

9

of § 1915(g). *See Abdul-Akbar, 239 F.3d* at 314–15 (noting that § 1915(g) does not block access to the courts in part because "prisoners may seek relief in state court, where limitations on filing I.F.P. may not be as strict.").

The Court holds that a plaintiff's three-strikes status under § 1915(g) does not provide a basis for dismissal of a complaint that was properly filed in state court and removed by a defendant to federal court. Section 1915(g) only applies to actions filed in federal court by plaintiffs seeking to proceed IFP, and Plaintiff did not file this complaint in federal court. Defendants chose to remove this action to federal court, plaintiff owes no filing fee, and the case will proceed. The motion to dismiss is denied.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is denied. Defendants shall answer the complaint within 14 days of the entry of this order. Fed. R. Civ. P. 12(a)(4).

An appropriate order follows.


**August 30, 2017**           **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
         U.S. District Judge