**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| CALVIN CAMPS,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>MILLIE SCHOLTZ, *et al.*,<br><br>　　　　　Defendants | Civ. No. 17-1895 (RMB-JS)<br><br><br>**OPINION** |

APPEARANCES:

CALVIN CAMPS
MQ 1920
SCI Phoenix
P.O. Box 244
Collegeville, PA 19426
　　　　Plaintiff, *pro se*

STEPHEN D. HOLTZMAN, Esq.
JEFFREY S. MCCLAIN, Esq.
HOLTZMAN & MCCLAIN, PC
524 Maple Ave., Suite 200
Linwood, NJ 08221
　　　　On behalf of Defendants CFG Health Systems, LLC; Dr.
　　　　Grace Nugent [Dr. Jane Doe], Christina Owens, LPN; Lynn
　　　　Johnson, NP; Mary Quinn-Murphy, LPN; and Stacey Chase,
　　　　RN

**BUMB,** United States District Judge

　　　This matter comes before the Court upon the summary judgment

motion of Defendants CFG Health Systems, LLC; Dr. Grace Nugent

[Dr. Jane Doe], Christina Owens, LPN; Lynn Johnson, NP; Mary Quinn-

Murphy, LPN; and Stacey Chase, RN (collectively, the "Medical

Defendants") (Medical Defs' Mot. for Summ. J., ECF No. 149); Brief in Supp. of Summ. J. ("Medical Defs' Brief, ECF No. 149-11); the Medical Defs' Statement of Undisputed Material Facts ("Medical Defs' SOMF," ECF No. 149-2); and Plaintiff's Brief in Opposition to the Medical Defendants' Motion for Summary Judgment (Pl's Opp. Brief, ECF No. 160.)

Pursuant to Federal Rule of Civil Procedure 78(b), the Court will determine the motion for summary judgment on the briefs without oral argument.

I.   BACKGROUND

Plaintiff's original complaint was filed in the New Jersey Superior Court, Burlington County on February 29, 2016. (Compl., ECF No. 1 at 8.) Defendant Mildred Scholtz removed the action to this Court on March 22, 2017. (Notice of Removal, ECF No. 1.) On December 18, 2018, Plaintiff was granted leave to amend the complaint to add Defendants CFG Health Systems, LLC; Dr. Grace Nugent (identified in Plaintiff's Third-Party Complaint as Doctor Jane Doe); Christina Owens, LPN; Mary Quinn-Murphy, LPN (identified in Plaintiff's Third-Party Complaint as Nurse Murphy); Lynn Johnson, NP (identified in Plaintiff's Third-Party Complaint

as Nurse Johnson) and Stacey Chase, RN as defendants. (Order, ECF No. 92; Am. Compl., ECF No. 93.)[1]

Plaintiff's Amended Complaint was filed on December 18, 2018. (Am. Compl., ECF No. 93.) The Medical Defendants filed their Answer on March 6, 2019. (Answer, ECF No. 110.) The Medical Defendants set forth affirmative defenses including violation of the applicable statute of limitations and failure to exhaust grievances. (Id.)

## II. THE AMENDED COMPLAINT

Plaintiff alleges the following facts against the Medical Defendants in the Amended Complaint. (Am. Compl., ECF No. 93.) Plaintiff was a pre-trial detainee in Burlington County Jail at all relevant times alleged in the Complaint. (Id., ¶4.) CFG Health Systems, LLC is contracted to provide medical services for inmates confined in Burlington County Jail. (Id., ¶9.) Plaintiff is suffering from Hepatitis C, genotype 1b. (Id. at 7.) Before he was arrested and taken to Burlington County Jail, Plaintiff was taking medication for his ongoing liver condition. (Id. at 12.)

Upon admission to Burlington County Jail on the night of December 15, 2014, Plaintiff was seen by Nurses Quinn-Murphy, Johnson and Owens. (Id. at 8.) He alleges that he told them about

---

[1] The Medical Defendants corrected their names and titles, misidentified in the Amended Complaint. The Court will refer to the corrected names.

his medical conditions and asked them to call the Philadelphia Veteran's Hospital about his ongoing treatment, but they did not do so. (Am. Compl., ECF No. 93 at 8-9.) Plaintiff alleges he told all of the Medical Defendants about his medical conditions and that he needed medication, but they failed to put this information in his medical records. (Id. at 9.) The Medical Defendants did not order any tests or seek to find out what medications Plaintiff was taking. (Id.) Plaintiff alleges the failure to treat him aggravated his pre-existing medical conditions. (Id. at 11.)

Plaintiff asserts the Medical Defendants, by failing to treat his Hepatitis C, violated his rights under the Fourteenth Amendment Due Process Clause, the New Jersey Constitution and under New Jersey state law. Plaintiff alleges supervisory liability against CFG Health Systems, LLC; Dr. Grace Nugent; and Stacey Chase, Health Services Administrator, who is the final policymaker for CFG Health Systems, LLC. (See generally Am. Compl., ECF No. 93.)

III. DISCUSSION

    A.    Summary of Arguments

        1.    The Medical Defendants' Brief

The Medical Defendants contend they are entitled to summary judgment for several reasons. First, they argue that the undisputed material facts establish their lack of deliberate indifference to Plaintiff's serious medical needs; thus, Plaintiff fails to state a claim under 42 U.S.C. § 1983. (Medical Defs' Brief, ECF No. 149-

4

11 at 10-12.) The Medical Defendants assert Plaintiff's claims are based on his belief that he should have received continued medical treatment upon his detention, but there is no evidence that Plaintiff advised the Medical Defendants that he was receiving HCV[2] treatment when he was incarcerated at Burlington County Jail nor is there evidence that he actually was receiving HCV treatment at that time. (Id. at 11-12.) Moreover, the Medical Defendants argue that Plaintiff cannot maintain a claim for future injury because he concedes that he no longer has HCV. (Id. at 15.) Further, they maintain that the lack of expert testimony is fatal to Plaintiff's § 1983 claims. (Id.) Second, the Medical Defendants contend that Plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Id. at 13-15.) Third, and the argument this Court addresses infra, the Medical Defendants assert Plaintiff's claims are barred by the two-year statute of limitations. (Id. at 17-19.)

In support of their motion for summary judgment, the Medical Defendants offer the following undisputed material facts with respect to their statute of limitations defense:

- Plaintiff was released from Burlington County Jail on July 24, 2015.

- Plaintiff's initial complaint was filed on February 29, 2016.

---

[2] HCV refers to the Hepatitis C virus. See Merriam-Webster Medical Dictionary, available at https://www.merriam-webster.com/medical/HCV.

- Plaintiff's original complaint fails to identify any of the medical defendants, fails to utilize fictitious party pleading and fails to provide any description of the individual defendants.

- Plaintiff's complaint named as defendants Warden Mildred Scholtz, Captain McDonnelly, Sargeant Davis and the Board of Chosen Freeholders of Burlington County.

- In the complaint, Plaintiff identified a number of his medical conditions, including "heart, lung, C.O.P.D., Liver "C", diabetes, high blood pressure, back, lower 4-V-BRA, shoulder, left side, arm, hand", but not HCV, and alleged they were aggravated while he was confined in Burlington County Jail.

- Plaintiff did not allege that any medical provider denied him treatment for any serious medical need.

- On December 18, 2018, Plaintiff was granted leave to amend to add Defendants CFG Health Systems, LLC; Dr. Grace Nugent (incorrectly identified in the Plaintiff's Third-Party Complaint Doctor Jane Doe); Christina Owens, LPN; Mary Quinn-Murphy, LPN (incorrectly identified in the Plaintiff's Third-Party Complaint Nurse Murphy); Lynn Johnson, NP (incorrectly identified in the Plaintiff's Third-Party Complaint as Nurse Johnson) and Stacey Chase, RN as defendants.

- Plaintiff's Amended Complaint was filed on December 18, 2018.

- Defendants' Answer was filed on March 6, 2019. Defendants denied negligence and deliberate indifference and set forth affirmative defenses including violation of the applicable statute of limitations and failure to exhaust grievances.

- Plaintiff's Burlington County Jail medical records show that Plaintiff reported having a medical history of Hepatitis C. (Exhibit E, ECF No. 149-8 at 2, 9.)

- There is no evidence in the record that Plaintiff was undergoing HCV treatment at the time he was incarcerated at the jail in Burlington County, from December 15, 2014 to July 24, 2015.

- Plaintiff only advised staff that he was taking Metformin 500 mg daily for diabetes and Lisinporil 20 mg daily for high blood pressure/heart failure. (Exhibit E, ECF No. 149-8 at 1.)

- Plaintiff received these medications throughout his entire incarceration. (Exhibit E, ECF No. 149-8 at 7, 10, 11; 149-9 at 5, 6, 8, 9, 10.)

- There is no evidence that Plaintiff advised the Medical Defendants of any ongoing medical treatment for HCV. (Exhibit E, ECF No. 149-8 at 1.)

- Plaintiff submitted several inmate request forms seeking medical attention, but none dealt with HCV. (Exhibit E, ECF Nos. 3, 4, 5, 6, 9.)

- Plaintiff did not file an administrative grievance seeking treatment of HCV. (Exhibit E, ECF Nos. 149-8 and 149-9.)

- Plaintiff wrote to the Court and parties on July 14, 2019 to advise that he does not have or no longer has HCV as per Temple University Hospital. (Exhibit F, ECF No. 149-10.)

At the outset, the Court notes that the Medical Defendants do not appear to have construed the amended complaint to contain state law claims, as they have not specifically addressed state law claims in their motion for summary judgment. Plaintiff, however, refers generally to state law violations and the New Jersey Constitution in the amended complaint. Courts must liberally construe pleadings by *pro se* litigants. Erickson v. Pardus, 551

U.S. 89, 94 (2007). Thus, the Court will address whether the Medical Defendants' statute of limitations defense precludes Plaintiff's state law claims under the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. 59:1-1 *et seq.* and/or the New Jersey Civil Rights Act ("NJCRA"), §10A:6-1 *et seq.*, as well as his § 1983 claims.

### 2. Plaintiff's Opposition Brief

Plaintiff opposes summary judgment. (Pl's Opp. Brief, ECF No. 160.) He submits that he filed grievances over his concerns about conditions at the Burlington County Jail and obtained final administrative review. (Id. at 2.) He reasserts his allegation that on December 15, 2014, he requested and was denied anti-viral medications to treat Hepatitis C. (Id. at 3.) Plaintiff also complains that he has not received responses to all of his discovery requests, which he needs to create a genuine issue of material fact for trial. (Id. at 5-9.)

Pursuant to Federal Rule of Civil Procedure 56(c)(3), "[t]he court need consider only the cited materials, but it may consider other materials in the record." Thus, the Court considers the following materials pertinent to Plaintiff's opposition to the Medical Defendants' motion for summary judgment, submitted by Plaintiff throughout the course of this litigation for filing in the record.

Plaintiff provided a copy of a letter he sent to Warden Mildred Scholtz of Burlington County Jail, dated October 6, 2015, which purports to be a final appeal for purposes of exhaustion of administrative remedies. (ECF No. 6 at 6.) Among other things, Plaintiff appealed the issue of having been denied requested medical care. (ECF No. 6 at 6.) The appeal did not specify what medical care was denied, by whom, or when, except that the appeal was applicable to the entire time Plaintiff was in Burlington County Jail, beginning on December 15, 2014. (Id.)

Plaintiff also submitted to the Court a "Notice of Claim for Damages Against Burlington County," which he purportedly mailed on October 9, 2015. (ECF No. 13 at 62-67.) The notice did not name any Medical Defendants nor did it allege that Plaintiff was denied anti-viral medication to treat Hepatitis C while in Burlington County Jail. (Id.)

Plaintiff also submitted for filing on the docket a letter dated November 17, 2019, which he sent to Dr. Francis Lo at Department of Veterans Affairs-Medical Center, 3900 Woodland Ave., Philadelphia, Pa. (ECF No. 41 at 1.) In this letter, Plaintiff asked Dr. Lo for copies of medical records indicating that he was treated at the Veterans Hospital from 2011 until December 2014, "for Methadone TREATMENT six days a week for this Medication and Treatment…." (Id.)

Plaintiff submitted his affidavit, dated May 16, 2018, in support of his claims. (Aff., ECF No. 68 at 1-4.) Plaintiff declared that on December 15, 2014, in Burlington County Jail, he requested treatment for Hepatitis C. (Id. at 2.) He states:

> I was … seen by Nurse christien [sic] Owens and NURSE Johnson, Nurse Jane Doe, and made out a sick call slip to the MEDICAL Department as to my illness, told the doctor about my LIVER condition and that I would like to Request said Medication for this Ongoing Illness, She did not do anything [n]or did she ORDER any kind of TEST for my condition, I was made to deal WITH my condition without being prescribed any kind of Medical TREATMENT by those said employees or the Prison Officials, While I was housed in Burlington County Jail…. I have a Condition which has Caused me Symptoms…. I also requested said treatment for my Condition [from] all the Nurses on duty on the date of December 15, 2014 which was not put in The records by those said Nurses that he was on METHADONE at VETERAN'S Hospital and had Hepatitis C. I Requested that the Nurses contact the Veteran[']s hospital to the treatment I was under …. This was never done by the Employees from CFG Health Systems, LLC, Or the Prison Officials at Burlington County Jail. [A]s to my grievances I also Filed my NOTICE OF CLAIM with the Burlington County office Of the Solicitor….

(Aff., ECF No. 68 at 1-4.)

Plaintiff submitted a second affidavit, dated January 28, 2020. (Aff., ECF No. 172.) In addition to alleging that on December 15, 2014 he told the Medical Defendants about his Hepatitis C diagnosis and his treatment by Dr. Francis Lo at the Veteran's Hospital of Philadelphia, Plaintiff also alleges he was later

treated with anti-viral medications when he was moved into the state prison system, and that he still suffers injuries from the Medical Defendants failure to treat him. (Id., ¶6.)

Plaintiff submitted to the Court a medical record from Southern State Correctional Facility, dated December 13, 2015, *after he left Burlington County Jail*, which indicated his diagnosis of chronic Hepatitis C, genotype 1b, for which he was receiving Hepatitis A and B immunizations. (ECF No. 75 at 19.) The record, signed by Dr. Syed Husain, states "Patient candidate for HCV treatment. Consider administrative approval." (Id.)

Plaintiff also submitted a copy of a letter dated September 15, 2015, *after he left Burlington County Jail*, which he received from the Burlington County Board of Chosen Freeholders, acknowledging Plaintiff's possible claim and enclosing a questionnaire. (ECF No. 179 at 4.) The letter, however, does not refer to HCV, but rather "Claimant alleges injury from skin infection and foot infection." (Id.) The Court also received a copy of a letter from Plaintiff, which he received from Burlington County's Insurer, denying Plaintiff's claim on October 27, 2015. (Id. at 5.)

Finally, the Court notes that on February 3, 2020, Plaintiff filed a motion to appoint pro bono counsel, which was denied by the Honorable Magistrate Judge Joel Schneider on February 27, 2020.

(Mot. Appoint Counsel, ECF No. 171; Order, ECF No. 181.) In his motion, Plaintiff stated:

> Claims unfiled, filed on record and unfiled being timely by those illegal acts as to his not being able to file complaints and answering parties of records, access to research material of PA, N.J., Maryland, denied to file Complaints under two year statutes, while he is being moved from facility to facility and jurisdiction to out of state jurisdictions were [sic] he has filed inmate grievances on those illegal acts … as to serious medical needs.

## B. Summary Judgment Standard of Review

Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Daubert v. NRA Group, LLC, 861 F.3d 382, 388 (3d Cir. 2017). "A dispute is "genuine" if 'a reasonable jury could return a verdict for the nonmoving party,'" Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 752 (3d Cir. 2019) (quoting Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "[A] fact is 'material' where 'its existence or nonexistence might impact the outcome of the suit under the applicable substantive law.'" Id. (citing Anderson, 477 U.S. at 248).

The burden then shifts to the nonmovant to show, beyond the pleadings, "'that there *is* a genuine issue for trial." Daubert, 861 F.3d at 391 (quoting Celotex Corp. v. Catrett, 447 U.S. 317,

324 (1986) (emphasis in Daubert)). "With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Conoshenti v. Public Serv. Elec. & Gas, 364 F.3d 135, 145–46 (3d Cir. 2004) (quoting Celotex, 477 U.S. at 323).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Fed. Rule Civ. Proc. 56(c)). The court's role is "'not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

trial.'" Baloga, 927 F.3d at 752 (quoting Anderson, 477 U.S. at 249)).

Plaintiff alleges he has not received all discovery; therefore, summary judgment for the defendants is improper. The Court disagrees. The Court denied Plaintiff's most recent discovery motion, noting "Plaintiff has had more than a sufficient opportunity to conduct discovery and the discovery at issue was served late." (Order, ECF No. 180.) The fact discovery deadline was extended twice after the Medical Defendants were joined in the action. (Id. at 2.) No further discovery is permitted.

C.   Statute of Limitations

1.   Undisputed Facts

Plaintiff submitted his original complaint to prison officials for mailing on February 21, 2016. (Compl., ECF No. 1 at 22.) To demonstrate administrative exhaustion, Plaintiff provided a copy of an October 6, 2015 letter that he sent to Warden Mildred Scholtz of Burlington County Jail, which purports to be a final appeal for purposes of exhaustion of administrative remedies. (ECF No. 6 at 6.) The Medical Defendants were not named as defendants. However, there is no dispute that Plaintiff's claims against the Medical Defendants had arisen about fourteen months earlier on December 15, 2014, and allegedly continued throughout his incarceration in the Burlington County Jail. Nonetheless, Plaintiff did not add the Medical Defendants to the action until

14

he filed the Amended Complaint, by placing it in the prison's legal mail for filing on June 4, 2018. (Am. Compl., ECF No. 93 at 17.) The Medical Defendants were served with the Amended Complaint on February 6, 2019. (ECF No. 105.)

   2.   Standard of Law

Plaintiff's federal claims are brought under 42 U.S.C. § 1983. Section 1983 does not create substantive rights but provides a remedy for violation of federal rights. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). Such claims are characterized as personal injury claims, and state law provides the statute of limitations. Id. (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). Under New Jersey law, personal injury torts, including negligence, are subject to a two-year statute of limitations. Id. (citing N.J.S.A. § 2A:14-2).[3] Claims under the New Jersey Civil Rights Act are also subject to a two-year statute of limitations. Lapolla v. County of Union, 157 A.3d 458, 464 (N.J. Super. Ct. App. Div. 2017) (citing N.J.S.A. § 2A:14-2(a)).

---

[3]  N.J.S.A. § 2A:14-2, provides, in pertinent part:

> Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued…

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). A claim accrues "when the plaintiff knew or should have known of the injury upon which its action is based." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted)).

"The general rule is that state tolling principles also govern § 1983 claims." Id. at 639 (citing Hardin v. Straub, 490 U.S. 536, 539, (1989)); Island Insteel Sys. v. Waters, 296 F.3d 200, 210 n. 4 (3d Cir. 2002)). New Jersey first adopted the federal continuing violations doctrine to equitably toll the statute of limitations in hostile workplace claims, see Alexander v. Seton Hall University, 8 A.3d 198, 203 (N.J. 2010), and has applied it other contexts, see Spethe v. Goode, Civ. No. 95-0264 (JBS/AMD), 2011 WL 221664, at *7 (D.N.J. Jan. 20, 2011) (noting that the continuing violation doctrine is not necessarily limited to a particular subject matter but it is confined to a particular framework.)

The continuing violation doctrine applies to toll the statute of limitations "when a defendant's conduct is part of a continuing practice … and the last act evidencing the continuing practice falls within the limitations period." Williams v. Borough of Highland Park, 707 F. App'x 72, 76 (3d Cir. 2017) (quoting Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d

16

1283, 1295 (3d Cir. 1991). To benefit from this tolling doctrine, a plaintiff must "show that all acts which constitute the claim are part of the same unlawful ... practice and that at least one act falls within the applicable limitations period." Williams, 707 F. App'x at 76 (quoting Mandel v. M & Q Packaging Corp., 706 F.3d 157, 165–66 (3d Cir. 2013) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)).

New Jersey also has a general equitable tolling doctrine. Under New Jersey law, equitable tolling is applicable if the plaintiff "demonstrated that he 'ha[d] been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Bustamonte v. Borough of Paramus, 994 A.2d 573, 588 (App. Div. 2010) (quoting Villalobos v. Fava, 775 A.2d 700 (quoting Dunn v. Borough of Mountainside, 301 693 A.2d 1248 (App. Div.) (in turn quoting Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)).

### 1. Application of state law tolling doctrines

If the Court liberally construes Plaintiff's affidavit (ECF No. 68 at 1-4) as stating that he continually requested anti-viral drugs for HCV treatment and was denied by the Medical Defendants the entire time he was confined in Burlington County Jail, the continuing violation doctrine would serve to toll the two-year statute of limitations until Plaintiff was released from Burlington County Jail on July 24, 2015. (See Burlington County

17

Defs' Mot. for S.J., Ex. B, ECF No. 170-2 at 20 (showing Plaintiff was released from Burlington County Jail on July 24, 2015); Pl's Request to File Documents, ECF No. 35 at 4 (showing Plaintiff was no longer confined in Burlington County Jail on August 10, 2015.))

The prison mailbox rule governs when a pleading is filed for purposes of the statute of limitations. Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998). Plaintiff filed his Amended Complaint to bring claims against the Medical Defendants on June 4, 2018, the date he gave the Amended Complaint to prison officials for mailing to the Court. Thus, the Amended Complaint was filed almost three years after his release from Burlington County Jail on July 24, 2015.

A potential basis for equitable tolling in the record is delay caused by exhaustion of administrative remedies. In New Jersey,

> absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice. Freeman [v. State], 347 N.J. Super. [11], 31 [N.J. Super. Ct. App. Div. 2002].

Harrell v. State of New Jersey Department of the Treasury, No. A-3628-18T3, 2020 WL 898124, at *7 (N.J. Super. Ct. App. Div. Feb. 25, 2020). Even with the benefit of equitable tolling until Plaintiff exhausted his administrative remedies under 42 U.S.C. § 1997e(a) on October 6, 2015, the statute of limitations would have

expired on October 6, 2017, well before Plaintiff added the Medical Defendants to the Amended Complaint on June 4, 2018. Unless the Amended Complaint relates back to the date of filing the original complaint, all of Plaintiff's claims are barred by the two-year statute of limitations.

Finally, as to Plaintiff's assertion in his motion for appointment of pro bono counsel that he was prevented from filing complaints under the two year statute of limitations because he was transferred between jurisdictions, this assertion is too vague to establish a basis for equitable tolling. See Heyert v. Taddese, 70 A.3d 680, 708 (N.J. Super. Ct. App. Div. 2013) (equitable tolling is proper where the defendant actively misleads the plaintiff; the plaintiff has been prevented from asserting his rights in an extraordinary way; or the plaintiff timely asserted his rights in the wrong forum). The Court notes that Plaintiff has regularly made filings in this action since it was removed to this Court on March 22, 2017, and he has never before asserted that he was prevented from timely filing his Amended Complaint against the Medical Defendants.

Moreover, even if Plaintiff did not have access to his legal papers while transitioning between correctional facilities, Plaintiff need only be aware of the facts that caused him injury in order to file a timely complaint, and Plaintiff is firm in his assertion that he requested and was denied anti-viral medications

for Hepatitis C on December 15, 2014. Even if Plaintiff, a recreational litigant who has three strikes under the Prison Litigation Reform Act,[4] was unaware of the names of the Medical Defendants before the statute of limitations expired, he could have used fictitious names for defendants, as he has in other cases,[5] in order to file a timely amended complaint. Had Plaintiff done so and diligently sought to learn the Medical Defendants' identities, he would have been entitled to amend the complaint after the statute of limitations expired. See New Jersey Court Rule 4:26-4. Plaintiff is not entitled to equitable tolling of the statute of limitations.

### 2. Relation back under FRCP 15(c)(1)(A)

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010). An amendment

---

[4] See Opinion, ECF No. 20 at 5 n. 3 (listing three cases brought by Plaintiff that were dismissed as frivolous).

[5] The Court takes judicial notice of cases ranging over the course of more than 20 years in which Plaintiff has sued unidentified individuals using fictitious names "John and Jane Doe." See Camps v. James, Civ. Action No. 95-2603 (E.D. Pa. May 8, 1995); Camps v. Doe, Civ. Action No. 06-2538 (E.D. Pa. June 15, 2006); Camps v. Pierce, Civ. Action No. 06-2262 (E.D. Pa. May 30, 2006); Camps v. Hughes, Civ. Action No. 16-5416 (D.N.J. Sept. 6, 2016). Available at www.PACER.gov.

can relate back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back, and the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original pleading. Fed. Rule Civ. P. 15(c)(1)(A),(B).

New Jersey Court Rule 4:26-4 applies to actions in which fictitious parties are named when the defendant's true name is unknown to the plaintiff. It provides:

> if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

N.J. Ct. R. R. 4:26-4.

"The fictitious name designation [ ] must have appended to it an 'appropriate description sufficient to identify' the defendant." DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (quoting Rutkowski v. Liberty Mut. Ins. Co., 506 A.2d 1302, 1306-07 (1986)). "The purpose of providing a sufficient description under Rule 4:26-4 is two-fold: it gives notice of the cause of action while also helping to identify the unknown defendant." Miles v. CCS Corp., No. A-5947-12T3, 2015 WL 5009883, at *6 (N.J. Super. Ct. App. Div. Aug. 18, 2015).

New Jersey also has a general relation back rule, New Jersey
Court Rule 4:9-3. Rule 4:9-3 provides that an amendment changing
the party against whom a claim is asserted relates back to the
date of the original complaint if: (1) it arose out of the same
transaction or occurrence set forth in the original pleading; (2)
the proposed defendant received notice of the institution of the
action within the limitations period such that the party will not
be prejudiced in maintaining a defense; and (3) the proposed
defendant knew or should have known that, but for the
misidentification of the proper party, the action would have been
brought against him or her. Arroyo v. Pleasant Garden Apartments,
14 F.Supp.2d 696, 701 (D.N.J. 1998) (citing Viviano v. CBS, Inc.,
101 N.J. 538, 503 A.2d 296, 304 (1986)); Davis v. Township of
Paulsboro, Civil No. 02-3659 (JEI), 2005 WL 8174849, at *3 (D.N.J.
May 24, 2005) (same). If a plaintiff seeks to add a defendant after
the expiration of the statute of limitations, she bears the burden
of proving that the proposed party received notice of such claims
within the statutory period. Arroyo, 14 F.Supp.2d at 701.

    2.   Analysis

    The original complaint did not name fictitious defendants.
(Compl., ECF No. 1 at 8.) Therefore, New Jersey Court Rule 4:26-4
is inapplicable. The Court looks, instead, to New Jersey's general
rule governing relation back, Rule 4:9-3. The denial of medical
treatment claims against the Medical Defendants arose out of

Plaintiff's original claims that his pre-existing medical conditions were aggravated by the conditions under which he was confined in the Burlington County Jail. (See Order, ECF No. 92 at 4.) Therefore, Plaintiff meets the first condition of New Jersey Court Rule 4:9-3.

Plaintiff does not satisfy the second condition for relation back under Rule 4:9-3 based on actual notice of the claims because the Medical Defendants did not receive notice of the action until the Amended Complaint was served on them on February 6, 2019. (ECF No. 105.) Relation back, however, is also permitted under Rule 4:9-3 if the newly added parties share a sufficient identity of interest with the originally named parties to justify treating them as a single legal identity. Otchy v. City of Elizabeth Bd. of Educ., 737 A.2d 1151, 1156 (N.J. Super. Ct. App. Div. Oct. 15, 1999) (citing Mears v. Economy, 188 A.2d 207 (N.J. Super. Ct. App. Div. 1963)).

In Otchy, the Appellate Division held that the City of Elizabeth was a distinct entity from the Elizabeth Board of Education because the City and Board were separate political entities, each with separate counsel and separate insurance coverage. Id. at 1157. Here, according to the allegations in the Amended Complaint, the County Defendants are local government entities and employees and the Medical Defendants are a private entity and private employees under contract to provide services to

the county jail. See Gomes v. County of Monmouth, 134 A.3d 33, 40 (App. Div. Apr. 14, 2016) (noting that under the New Jersey Tort Claims Act a private independent medical contractor "is not a 'county, municipality, district, public authority, public agency, [or] any other political subdivision or public body in the State.'" (quoting N.J.S.A. 59:1-3.) The Medical Defendants, represented by Stephen D. Holtzman, Esq. and Jeffrey S. McClain, Esq., do not share an attorney with the County Defendants, represented by Daniel Gee, Esq. and Evan H.C. Crook, Esq. Thus, the Court concludes that Plaintiff has not shown the Medical Defendants share a sufficient identity of interest with the County Defendants to impute notice of the original pleading to the Medical Defendants within the statute of limitations.

Even assuming Plaintiff could meet the second condition for relation back under New Jersey Rule 4:9-3, Plaintiff has not met the third condition, that the Medical Defendants knew or should have known that, but for the misidentification of the proper party, the action would have been brought against him or her. Plaintiff did not name any medical defendants in the original complaint nor did he make clear that he intended to bring medical claims based on failure to provide anti-viral medication for HCV. Although Plaintiff described his pre-existing medical conditions, albeit without naming Hepatitis C, his allegations in the original complaint were that the overcrowded and unsanitary conditions in

Burlington County Jail aggravated his pre-existing conditions. This was insufficient to put CFG Health Systems or its employees on notice that Plaintiff intended to sue them for failing to provide him with anti-viral medication for HCV. See Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1182-83 (3d Cir. 1994) (plaintiff failed to show that but for a mistaken identity of the proper party, the action would have been brought against the new party).

IV.  CONCLUSION

Having determined that all of Plaintiff's claims against the Medical Defendants are barred by the statute of limitations, the Court need not reach the remainder of the Medical Defendants' arguments for summary judgment. The Court will grant the Medical Defendants' motion for summary judgment.

An appropriate Order follows.

Date:  March 23, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**